**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DAYSHAWN OWENS,**

    **Petitioner,**

**v.**                                                                 **Civil Action No. 2:08CV102**
                                                                     **Criminal Action No. 2:05CR4-01**
**UNITED STATES OF AMERICA,**                  **(JUDGE MAXWELL)**

    **Respondent.**

**REPORT AND RECOMMENDATION**
**THAT § 2255 MOTION BE DENIED**

**I. INTRODUCTION**

On October 6, 2008, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] Petitioner filed a Memorandum of Law in Support of his Motion on February 25, 2009.[2] The Government filed its response on April 20, 2009.[3] Petitioner filed a reply to the Government's response on May 4, 2009.[4]

**II. FACTS**

**A.**     **Conviction and Sentence**

On July 3, 2007, petitioner signed a plea agreement by which he agreed to plead guilty to Count 4 of a four-count indictment, possession with the intent to distribute 24.3 grams of cocaine base, in violation of Title 21, United States Code, Section 841 (a)(1). In the plea agreement, the parties stipulated and agreed that the total drug relevant conduct of petitioner was more than 150

---

[1] Doc. No. 80.

[2] Doc. No. 96.

[3] Doc. No. 98.

[4] Doc. No. 100.

grams, but less than 500 grams of cocaine base, also known as crack cocaine. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, in paragraph 12, the petitioner's plea agreement contained the following language regarding his waiver:

> 12. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code Section 3742. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive it right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

Petitioner signed and dated each page of his plea agreement.

On July 10, 2007, the petitioner, then aged 30 and a high school graduate, entered his plea in open court. (Plea transcript p. 4). During the plea hearing, the Assistant U.S. Attorney read aloud in open court each paragraph of the plea agreement, including the paragraph 12 *supra*. The Court then asked petitioner whether he and his counsel had reviewed the plea agreement before he signed it, and he stated that they had. (Id. at 22-25). The Court specifically asked petitioner if he understood the waiver of his appellate rights but did not ask petitioner about the waiver of his post-conviction relief rights. (Id. at 13 and 17). The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate rights but did not ask petitioner's counsel about waiver

2

of post-conviction relief rights. (Id. at 13). The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 18-19). During the plea hearing, the Government presented the testimony of Raymond J. West to establish a factual basis for the plea. (Id. at 19-23). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 4 of the indictment. (Id. at 24). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 23). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. at 24). The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 24). Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. (Id. at 23).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id. at 25). The petitioner did not object to the Court's finding.

On November 20, 2007, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 97 months imprisonment. Per petitioner's counsel's request, the Court specifically recommended that petitioner's sentence run concurrently with the sentence he was currently serving out of the

Southern District of New York,[5] that he receive credit for time served since May 7, 2007;[6] participate in a 500-Hour Intensive Substance Abuse Program sponsored by the Bureau of Prisons; forfeit $1,125 in cash and an specified item of jewelry; pay a special assessment of $100 but no fine, and submit to four years post-incarceration supervised release.

**B.     Appeal**

Petitioner did not pursue a direct appeal.

**C.     Federal Habeas Corpus**

In his motion, (Doc. No. 80) petitioner contended the following grounds:

**Ground One**

The Government breached the plea agreement when it failed to assure that both his Federal sentences ran concurrently.

**Ground Two**

His counsel was ineffective for failing to assure that both Federal sentences ran concurrently.

**D.     The Government's Response**

The Government notes that in his Memorandum of Law in Support of his 28 U.S.C. § 2255 Motion to Vacate (Doc. No. 96), petitioner waived Ground One.

The Government contends that petitioner's counsel did provide effective assistance. As petitioner himself declared in his Memorandum of Law, his counsel "secured and negotiated an excellent plea deal" and later at the sentencing hearing, 'acted diligently" on his behalf by

---

[5] On October 12, 2006, in case S1-04-cr-680-01, Petitioner was sentenced to 62 months incarceration for conspiracy and possession with the intent to distribute marijuana during the month of October, 2003.

[6] Even though petitioner had been continuously incarcerated since October 2003 for the charges in the Southern District of New York, May 7, 2007 was his purported "arrest" date for the instant WV charges. (United States' Response to Petitioner's Motion Made Under 28 U.S.C. §2255. (Doc. 98, page 14, line 6)).

"prevail[ing] in obtaining a concurrent sentence" that would run with the sentence he was already serving. (Doc. 96, page 3). The Court further recommended that credit against his sentence be given back to the date of May 7, 2007. Petitioner is seeking a further, impermissible and unlawful adjustment of his sentence, in attempting to obtain credit on the 97-month sentence he received in this case, for the 57 months of time already served on his New York sentence at the time he was sentenced in WV. The Government asserts that the petitioner's claims lack merit and should be denied and dismissed.

**E.     Owens' Reply**

In his reply, petitioner argues that he relied upon his counsel to ensure that his two sentences would run 'totally concurrent" because he himself "is not a Lawyer [sic] authorized to argue a sentence in a Court of law," and reiterates that "the only one to blame in this case is his Counsel, and the Bureau of Prisons, the United States, or the Court has nothing to do with Counsel's omissions," in not assuring that his two sentences be 'totally concurrent." Petitioner claims that he should be given credit "from October 31, 2003, the day he was arrested for the commission of the New York crime...where he remained incarcerated until he was sentence [sic] in...West Virginia in this case[.]" (Doc. 100).

**F.     Recommendation**

Based upon a review of the records, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because the petitioner is challenging the execution of his sentence which is not properly brought under 28 U.S.C. § 2255.

### III.  ANALYSIS

**A.     Waiver**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure...only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant as long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar, 38 F.3d at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review on certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, *supra,* the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster,

403 F.3d at 220. Therefore, like waiver-of-appeal-rights provisions, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although the Court expressly declined to address whether the same exceptions applied, since Lemaster failed to make such an argument, the Court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n.2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot fairly be said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.")

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> the validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy – specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provisions, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any ineffective assistance of counsel claims arising prior to the plea agreement are barred by the waiver.

As to any ineffective assistance of counsel claims made regarding an attorney's action or lack thereof after the plea agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to challenge" a sentence on the ground that "the proceedings following the entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel." Lemaster, 403 F.3d at 732-33. Therefore, upon first blush, it appears that ineffective assistance of counsel claims arising after the guilty plea and/or during sentencing, are not barred by a general waiver-of-appeal rights.

However, several courts have distinguished ineffective assistance of counsel claims raised in a § 2255 case from those raised upon direct appeal. In Braxton v. United States, 358 F. Supp. 2d 497 (W.D. Va. 2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton, 358 F. Supp. 2d at 502 (citing United States v. Cannady, 283 F.3d 641, 645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F. Supp. 2d 489, 493 (E.D. Va. 2001)). Nonetheless, the Western District of Virginia distinguished the types of ineffective assistance of counsel claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

8

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton, 358 F. Supp. 2d at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143, 1147 (4th Cir. 1995), also supports such distinction. Braxton, 358 F. Supp. 2d at 503, n. 2. Finally, the Braxton court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." Id. at 503 (collecting cases).

During the Rule 11 colloquy in the case at hand, the Court specifically inquired whether petitioner understood his waiver of appellate rights contained in the plea agreement. (Plea transcript p. 13 and 17). This inquiry appropriately established that petitioner knowingly and voluntarily

9

waived his right to appeal. However, the Court did not inquire of petitioner whether petitioner understood that, under the plea agreement, he was waiving his right to seek post-conviction relief by filing a habeas corpus petition under Title 28, United States Code, Section 2255. Therefore, as the preceding review of cases indicate, petitioner did not validly waive his right to file this instant petition. Accordingly, it will be given full consideration.

B.  **Ground 1: Waived by petitioner in his Memorandum of Law in Support of his 28 U.S.C. § 2255 Motion to Vacate**

**Ground 2: Whether Counsel Rendered Ineffective Assistance**

Petitioner claims that his counsel rendered ineffective assistance because his counsel failed to assure that both of his Federal sentences ran concurrently. Petitioner maintains that his counsel assured him that his 97-month sentence would be "completely" concurrent and not merely partially concurrent with the sentence he was already serving in New York.

Claims of ineffective assistance of counsel are measured under a two-part analysis outline in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential." And the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need

not address counsel's performance. Fields v. Att'y. Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), *cert. denied*, 506 U.S. 885 (1992).

Petitioner contends that his counsel was ineffective because counsel failed to assure his sentence ran concurrently with his previous Federal sentence.

The Judgment expressly provides that petitioner's 97 month sentence runs concurrently with his previous sentence:

> "3. That this sentence be served concurrent to his sentence in U.S. District Court for the Southern District of New York, case #S1-04-CR680-01.
>
> 4. That the defendant be given credit for time served from May 7, 2007." (Doc. 70, page 2.)

Petitioner's sentence is concurrent with his previous sentence. Petitioner's complaint is the calculation by the Bureau of Prisons when his 97 month sentence begins. This is not a proper subject for a § 2255 motion. This claim is best characterized as an attack on the execution of petitioner's sentence, not a collateral attack on his conviction. Challenges to the execution of a Federal sentence are properly brought under 28 U.S.C. § 2241. *See* In re: Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. *See* United States v. Wilson, 503 U.S. 329 (1992).

## IV. **RECOMMENDATION**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because the petitioner is challenging the execution of his sentence which is not properly brought under 28 U.S.C. § 2255.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the Recommendation to which objection is made and basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, and counsel of record, as applicable.

DATED: 6/30/2009

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE